IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRISTAN DI MONTENEGRO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-476-ALM-KPJ |
| KATHLEEN MURPHY *et al.*, | § § § | |
| Defendants. | § § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Proceed as "Plaintiff X" (the "Motion") (Dkt. 4), wherein Plaintiff requests the Court allow him to proceed anonymously in this case. *See id*. Plaintiff contends his proceeding anonymously is appropriate "due to the embarrassing content of the disturbing and vulgar, false accusations the Defendants have levied against [him]," the details of which are included in Plaintiff's complaint. *Id.* For the reasons that follow, the Motion (Dkt. 4) is **DENIED**.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). Neither the Federal Rules of Civil Procedure nor any applicable federal statute make provisions for plaintiffs to proceed anonymously. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007) (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). The public interest in open court proceedings is frustrated when any part of litigation is conducted in secret. *See Rose*, 240 F.R.D. at 268 (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir.2005)). Accordingly, it is presumed that parties will proceed in their own names; proceeding

anonymously is the exception. *See Doe v. Mckesson,* 945 F.3d 818, 835 n.12 (5th Cir. 2019), *judgment vacated on other grounds*, 141 S. Ct. 48 (2020) ("We agree with the district court and affirm the denial of [the plaintiff's] motion to proceed anonymously. In so holding, we emphasize what the Supreme Court said decades ago: 'What transpires in the court room is public property.'" (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947))); *Rose*, 240 F.R.D. at 267 ("It is the exceptional case in which a plaintiff may proceed under a fictitious name." (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992) (brackets omitted))). Basic fairness often dictates a plaintiff stand publicly behind his accusations. *See S. Methodist Univ. Ass'n*, 599 F.2d at 713 ("Defendant[s] . . . stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.").

However, in certain special circumstances, courts have allowed plaintiffs to proceed anonymously or under pseudonyms. *See id*. In determining whether a plaintiff should be permitted to proceed anonymously, courts are guided by the following factors: (1) "whether the plaintiff is 'challeng[ing] governmental activity'; (2) whether the plaintiff will be required to disclose information 'of the utmost intimacy'; and (3) whether the plaintiff will be 'compelled to admit [his] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Mckesson,* 945 F.3d at 835 n.12 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). Examples of information "of the utmost intimacy" include birth control, abortion, homosexuality and the welfare rights of illegitimate children or abandoned families. *See S. Methodist Univ. Ass'n*, 599 F.2d at 712–13 (citations omitted); *see also Doe (M.H.) v. G6 Hosp. LLC*, No. 4:22-cv-198, 2022 WL 2532489, at *3 (E.D. Tex. July 7, 2022) (granting plaintiff's motion to proceed anonymously where plaintiff was "a sex-trafficking survivor, and her filing and the litigation of this case require

the disclosure of details of the utmost intimacy"); *Roe v. Patterson*, No. 4:19-cv-179, 2019 WL 2407380, at *4–5 (E.D. Tex. June 3, 2019) (granting plaintiff's motion to proceed anonymously where the complaint "include[d] intimate details regarding the nature of the alleged multiple assaults Plaintiff suffered.").

In addition to these three commonly cited factors, courts have also considered the relevant facts and circumstances of a particular case, such as potential violence, a party's age and related vulnerability, and potential prejudicial impact on the defending parties. *See Rose*, 240 F.R.D. at 266. "In light of the fact that no single factor is dispositive in this analysis, a judge should 'carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.* (quoting *Frank*, 951 F.2d at 323).

## II.     ANALYSIS

In the instant case, Plaintiff is challenging governmental conduct. *See* Dkt. 1 at 4 ("The FBI and partner agencies and entities have aggressively destroyed my reputation, my career, my social circle, and my finances.").[1] Further, Plaintiff's complaint reveals information of the "utmost intimacy." *See, e.g.*, *id.* at 13–14 ("The [FBI/JTTF] stated to my mother – in addition to her attorney, that I was a sexually deviant, paranoid schizophrenic pedophile who was being investigated for pedophilia and raping refugees in Africa. . .").

However, Plaintiff's argument for proceeding anonymously is undermined by the fact that the conduct underlying his claims is, by his own admission, already fairly well-publicized. *See Rose*, 240 F.R.D. at 268 (denying motion to proceed anonymously, partially on the grounds that

---

[1] For ease of reference, the Court will cite to the CM/ECF docket and pagination rather than any internal pagination in the parties' exhibits.

"[s]everal individuals within the school district and general community already know the true identity of [the plaintiff].").

In his complaint, Plaintiff claims "[t]he FBI and JTTF personnel have approached *hundreds* of people in Africa and the United States and peddled these alarming and perverse narratives to nearly everyone I have ever come into contact with." Dkt. 1 at 18; *see also id.* at 22 ("I later discovered that the FBI had contacted most of the people that I have known from 1975 onwards, including childhood friends – and engaged in what I can only refer to as a scorched-earth, defamation and disparagement campaign meant to destroy me – and it rigorously continues until this day."). Further, Plaintiff alleges the false narratives about him have been published on social media. *See id.* at 14 ("I returned from Africa in 2013, and in 2014 I learned that the FBI had opened several disgusting social networking accounts with images of a person who was an extremely seedy doppelganger of myself . . ."). Additionally, Plaintiff claims that whenever he relocates, people in the new place already know who he is and the narratives about him and/or acts of violence are perpetrated against him. *See*, *e.g.*, *id.* at 24 ("I[n] late 2015 I relocated to Springfield, Virginia. Within several hours of moving into my new apartment, a neighbor whom I had never spoken with before, approached me and began the conversation by asking me if I was the guy that was chased out of Miami by law enforcement. Another neighbor crossed the street to speak with us and she asked me how my dissertation on Chinese activity in Africa was progressing. I had never spoken with her before either."); *id.* at 28 ("In 2019 I moved from Virginia to The Colony, Texas. As in Virginia and Florida, the aggravated stalking, break-ins and vehicle vandalism began as soon as I arrived.").

The conduct underlying Plaintiff's allegations is, by Plaintiff's admission, known to Plaintiff's community and to a reasonably significant portion of the public. Further, Plaintiff's

claims against Defendants constitute allegations of serious misconduct and violations of federal law. Therefore, basic fairness dictates that Plaintiff should proceed under his real name. *See S. Methodist Univ. Ass'n*, 599 F.2d at 713. Ultimately, given the significant public interest in open court proceedings, Plaintiff has not sufficiently rebutted the presumption that a party proceeds in his own name.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion (Dkt. 4) is **DENIED**.

**So ORDERED and SIGNED this 29th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE