IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRISTAN DI MONTENEGRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-476-ALM-KPJ |
| | § | |
| KATHLEEN MURPHY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court are Plaintiff Tristan di Montenegro's ("Plaintiff") Motion for Reconsideration (the "Motion for Reconsideration") (Dkt. 30), Motion to Appoint Counsel (the "Third Motion to Appoint Counsel") (Dkt. 34), and Motion to Appear Before the Court (the "Motion to Appear," and, together with the Motion for Reconsideration and the Third Motion to Appoint Counsel, "Plaintiff's Motions") (Dkt. 35). For the reasons that follow, Plaintiff's Motions (Dkts. 30, 34, 35) are **DENIED**. Plaintiff's deadline to respond to the Motion to Dismiss filed by Defendants Kathleen Murphy and Phillip Gonzalo Ayala (the "DPS Defendants Motion to Dismiss") (Dkt. 17) and the Motion to Dismiss filed by Defendant Matthew DeSarno (the "DeSarno Motion to Dismiss" and, together with the DPS Defendants Motion to Dismiss, the "Motions to Dismiss") (Dkt. 27), which are currently pending before the Court, is extended to February 8, 2023.

**I.     BACKGROUND**

On June 6, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Motion to Appoint Counsel (the "First Motion to Appoint Counsel") (Dkt. 3). *See* Dkt. 3. On June 13, 2022, the First Motion to Appoint Counsel was denied without prejudice. *See* Dkt. 13. On September 30,

1

2022, Plaintiff filed a second Motion to Appoint Counsel (the "Second Motion to Appoint Counsel") (Dkt. 21). *See* Dkt. 21. On October 10, 2022, the Second Motion to Appoint Counsel was denied without prejudice. *See* Dkt. 26. On November 3, 2022, Plaintiff filed the Motion for Reconsideration, wherein Plaintiff argued the Court should reconsider its denial of the Second Motion to Appoint Counsel. *See* Dkt. 30. On December 19, 2022, Plaintiff filed the Third Motion to Appoint Counsel. *See* Dkt. 34. On January 4, 2023, Plaintiff filed the Motion to Appear. *See* Dkt. 35.

## II.   ANALYSIS

### A.   Motion to Appear

In the Motion to Appear, Plaintiff writes: "I am humbly requesting to appear before the Honorable Court in person before the Honorable Judge responds to my prior motions[]." Dkt. 35. It is not clear for what specific purpose Plaintiff seeks to appear before the Court. To the extent Plaintiff seeks to appear to make additional arguments pertaining to the Motion for Reconsideration and the Third Motion to Appoint Counsel, the Court finds that it has sufficient information from Plaintiff's arguments within those Motions on which to decide them. On that basis, the Motion to Appear is denied.

### B.   Appointment of Counsel[1]

"There is no right to appointment of counsel in civil cases, but a district court may appoint counsel if doing so 'would aid in the efficient and equitable disposition of the case.'" *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quoting *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam)). In deciding whether to appoint counsel, courts consider:

---

[1] Because the Motion for Reconsideration and the Third Motion to Appoint Counsel both address the same substantive issue and request the same relief (appointment of counsel), the Court will perform a single analysis that will apply to both the Motion for Reconsideration and the Third Motion to Appoint Counsel.

(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist, in large part, of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Id*. (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted)). "Generally, the appointment of counsel should be reserved for cases that present 'exceptional circumstances.'" *Id*. (quoting *Ulmer*, 691 F.2d at 213).

In its Order denying the Second Motion to Appoint Counsel, the Court found that, at the time of the Order, Plaintiff had not presented "exceptional circumstances" to justify appointment of counsel. *See* Dkt. 26. Plaintiff argues that, at this time, his case presents such "exceptional circumstances" as to justify appointment of counsel. *See generally* Dkts. 30, 34.

Much of Plaintiff's arguments boil down to the perceived breadth of the investigation necessary to litigate this case. The Court emphasizes that this case is in its early stages. Therefore, Plaintiff's arguments in this regard are inherently speculative. The Court finds it most helpful to analyze the appointment of counsel question regarding Plaintiff's immediate responsibility, which is to respond to the Motions to Dismiss.

1. *Type and Complexity of the Case*

Plaintiff asserts, among other things, that "[t]his case involves tort litigation, massive defamation and slander, human rights violations, civil rights violations, constitutional rights violations, identity theft, stalking, cyber-harassment, retaliation - in addition to addressing the still-ongoing criminal activities perpetrated by the Defendants and the individuals whom they are responsible for." Dkt. 30 at 2.

Among other claims, Plaintiff asserts claims under 42 U.S.C. § 1983. *See* Dkt. 1 at 44. "While section 1983 cases are by their nature more complex than many other cases, *Branch* dictates that counsel must be appointed only in exceptional civil rights cases." *Jackson*, 811 F.2d at 262 (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)). The Court finds Plaintiff's Section 1983 claims are not legally "exceptional" (i.e., they do not present particularly novel or complex issues of law). For example, one of Plaintiff's theories of liability under Section 1983 is retaliation for exercising his First Amendment rights. This is an issue that has "been briefed and analyzed in numerous cases." *Jackson*, 811 F.2d at 262 (citations omitted); *see, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (reciting the general standard for First Amendment retaliation claims). Regarding Plaintiff's other claims based on federal law (conspiracy, failure to supervise, Equal Protection Clause violations) and his claims based on state law (tortious interference with business relations, gross business disparagement, defamation, conspiracy), the Court has not identified any such legally exceptional issue at this time. Therefore, the nature of Plaintiff's claims does not support appointment of counsel at this juncture.

Topics raised in the Motions to Dismiss include: 28 U.S.C. § 1915; standing; qualified immunity; failure to state a claim upon which relief may be granted; subject matter jurisdiction; insufficient service of process; *Bivens* claims; and sovereign immunity. *See generally* Dkts 17, 27. These issues are likewise ones "that have been briefed and analyzed in numerous cases." *Jackson*, 811 F.2d at 262 (citations omitted); *see, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (setting forth the general standard for qualified immunity).

Accordingly, this factor favors denying the Motion for Reconsideration and the Third Motion to Appoint Counsel.

### 2. *Whether Plaintiff is Capable of Adequately Presenting His Case*

Plaintiff argues his case is "extremely complicated as a result of the number and types of criminal acts" to which he has allegedly been subjected, in addition to "the occupational positions the Defendants hold" and that Plaintiff "has no knowledge of local rules, nor civil procedure and [is] up against skilled and well-practiced attorneys from the Department of Justice and The Texas Department of Public Safety, with unlimited federal and state funds at their disposal." Dkt. 30 at 2.

The Court first notes that in his complaint, Plaintiff has identified the actors he believes have injured him and in what ways they have allegedly injured him.[2] Therefore, at this stage, it does not appear that the alleged numerosity of Defendants' wrongful acts has rendered Plaintiff unable to adequately present his case. Plaintiff appears to next assert that he inherently cannot adequately present his case because of the fact that he is opposed by Government defendants (given the Government's access to certain resources to which *pro se* parties do not have access). In order for the Court to accept Plaintiff's argument, it would have to be the case that, by virtue of suing Government defendants, a plaintiff would automatically be entitled to the appointment of counsel. As stated earlier, there is no right to counsel in civil cases generally, or in civil rights cases specifically. *See Jackson*, 811 F.2d at 262. Therefore, the Court rejects this argument.

Plaintiff next argues that he cannot adequately present his case because of his lack of knowledge of local rules and civil procedure and the fact that he is litigating against attorneys from the Department of Justice and The Texas Department of Public Safety. "A litigant's pro se status . . . [does not] excuse[] him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citation omitted); *see also Propes*

---

[2] At this time, the Court expresses no opinion as to the sufficiency or lack thereof of Plaintiff's complaint.

*v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009) ("[W]e cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers."). Moreover, Plaintiff notes he has an advanced degree (albeit not a legal degree). Accordingly, Plaintiff is capable of reading and understanding the relevant rules of civil procedure and local rules. Hence, Plaintiff's arguments in this regard are unpersuasive.

The Court acknowledges that while the arguments raised by Defendants in their Motions to Dismiss are not exceptional, they are numerous. To the extent the number of arguments raised by Defendants is of concern, it is mitigated by the fact that the Court has twice granted Plaintiff's motions for extension of time to file a response, most recently giving him an extension until December 19, 2022, *see* Dkt. 33, which resulted in Plaintiff having approximately four months to respond to the DPS Defendants Motion to Dismiss and approximately two months to respond to the DeSarno Motion to Dismiss, *see* Dkts. 17, 27.

While at this time the Court does not comment on the merits of the legal arguments relating to Plaintiff's complaint, the Court notes that the fashion in which Plaintiff has thus far engaged with the legal issues in this case belies his claim that he is unable to adequately present his case. As the foregoing demonstrates, Plaintiff substantively engaged with the Court's Order denying the Second Motion to Appoint Counsel. Further, Plaintiff has demonstrated that he is engaging with the arguments in the Motions to Dismiss. *See* Dkt. 30 at 2 ("Also of note, it is my belief that since the State Defendants are receiving federal funds to oversee a federal facility, with federal personnel, and also have Texas DPS Personnel with both state and federal law enforcement identification, that they could also be liable under *Bivens* (28 U.S.C. § 1331 and 2201), as well as 42 U.S.C. §1983 since the State Defendants are technically 'wearing two different hats.'") (emphases omitted).

6

Accordingly, this factor favors denying the Motion for Reconsideration and the Third Motion to Appoint Counsel.

3. *Whether Plaintiff is in a Position to Adequately Investigate the Case*

Plaintiff asserts he is not in a position to investigate the "FBI, DPS Personnel, InfraGard, Fusion Center personnel, or the private contractors in their employ," as "[t]his would necessitate being familiar with civil procedure, rules of discovery, public information requests (State) and FOIA Requests (Federal) and knowing how to respond to them when they are denied, contain false statements or material is stricken from the documents." Dkt. 30 at 3.

Plaintiff's argument in this regard, i.e., he cannot adequately investigate the case due to his lack of knowledge of relevant procedures, is in the same vein as his argument regarding adequate presentation. The Court likewise rejects this argument. Included in the requirement that *pro se* litigants "abide by the rules that govern federal courts" is that *pro se* litigants obey discovery orders. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (internal quotations omitted). As to Plaintiff's argument regarding his lack of familiarity with the Freedom of Information Act's (the "FOIA") procedural requirements, the Court notes that the FOIA is designed to be utilized by members of the public. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 10–11 (1974) ("[I]n the FOIA, Congress gave the general public an express right of access to all Federal Government information not within the exempted categories.").

Accordingly, this factor favors denying the Motion for Reconsideration and the Third Motion to Appoint Counsel.

    *4. Whether the Evidence Will Consist, in Large Part, of Conflicting Testimony so as to Require Skill in the Presentation of Evidence and in Cross Examination*

Plaintiff asserts "the evidence will indeed consist, in large part, of conflicting testimony, therefore necessitating skill in the presentation of complex evidence and in cross examination, as is revealed within the three Defendant s motion(s) to dismiss, as Defendants won't admit to any of their illegal activities. . . ." Dkt. 30 at 3.

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir.), *cert. denied*, 143 S. Ct. 109 (2022) (internal quotations omitted). That is, at the motion to dismiss stage, it is not proper for a defendant to present his own evidence that conflicts with a plaintiff's allegations. Therefore, at this time, the Court has no way to predict what Defendants' evidence will be and to what extent there may be conflicting testimony. *See Welsh v. Correct Care, LLC*, No. 5:17-CV-095-BQ ECF, 2019 WL 13240898, at *2 (N.D. Tex. May 14, 2019) ("[T]he court cannot presently determine whether the evidence will largely consist of conflicting testimony. . . .").

Accordingly, this factor favors denying the Motion for Reconsideration and the Third Motion to Appoint Counsel.

    5. *Other Issues*

Plaintiff attempts to distinguish his case from *Tampico v. Martinez*, 987 F.3d 387 (5th Cir. 2021) (per curiam), to which the Court cited in support of its decision to deny the Second Motion to Appoint Counsel. Specifically, Plaintiff indicates he is "puzzled by how the Honorable Court could compare a convicted and incarcerated felon who petitioned for appointment of counsel in order to regain possession of his contraband, which was of an evil and disgusting nature" to him.

Dkt. 34 at 1. The four-factor test above, similar to the one used by the court in *Tampico*,[3] does not contemplate the perceived moral turpitude of a litigant's conduct. *See Tampico*, 987 F.3d at 392. Therefore, Plaintiff's argument in this regard is irrelevant and unpersuasive.

In deciding the appointment of counsel inquiry, the Court can use only the information it has at hand at the time such a motion is made. It is for this reason that the Court has previously denied Plaintiff's motions for appointment of counsel without prejudice and will do so as to the Third Motion to Appoint Counsel. Plaintiff may bring another motion to appoint counsel after the Motions to Dismiss are decided if Plaintiff's claims survive the Motions to Dismiss. However, Plaintiff is advised that if he does bring another motion for appointment of counsel, he must clearly articulate how circumstances have changed from those that attended the Third Motion to Appoint Counsel. Further, while the Court will not at this time appoint Plaintiff counsel, the Court will extend Plaintiff's deadline to respond to the Motions to Dismiss.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motions (Dkts. 30, 34, 35) are **DENIED**. The Motion for Reconsideration (Dkt. 30) is **DENIED WITH PREJUDICE**. The Third Motion to Appoint Counsel (Dkt. 34) and the Motion to Appear (Dkt. 35) are **DENIED WITHOUT PREJUDICE**.

---

[3] In *Tampico*, the court used a test that combines the "adequate presentation" and "adequate investigation" factors into a single factor and includes the additional factor, "the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in just determination.'" *Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (internal quotation omitted)). Some Fifth Circuit cases utilize the formulation in *Tampico*, and some use the formulation from *Delaughter*, analyzed above. Even if the Court analyzes this additional "shortening the trial and assisting in just determination" factor, the result of the appointment of counsel inquiry does not change. As for the "skill in presentation of evidence and in cross-examination" factor, whether appointment of counsel would "shorten the trial and assist in just determination" is too speculative at this early stage to support appointing counsel.

**IT IS FURTHERED ORDERED** that Plaintiff's deadline to respond to the Motions to Dismiss is **EXTENDED** until **February 8, 2023**. Further extensions will not be granted absent good cause.

**So ORDERED and SIGNED this 26th day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE